ORIGINAL



FILED
2010 NOV 10 P 3:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ROBERT C. GEBHARDT (State Bar No. 48965)
IAN J. DA CUNHA (State Bar No. 264698)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
525 Market Street, 17th Floor,
San Francisco, CA 94105-2725
Telephone: 415.433.0990
Facsimile: 415.434.1370

Attorneys for Defendant
AIR CHINA LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ROBERT RUBIN,

    Plaintiff,

vs.

AIR CHINA LIMITED,

    Defendant.

Case No. CV10 5110

**DEFENDANT AIR CHINA LIMITED'S ANSWER TO THE COMPLAINT**

LHK

Defendant AIR CHINA LIMITED ("defendant" or "Air China") answers the complaint filed by plaintiff ROBERT RUBIN ("plaintiff") in this action as follows:

1. Answering Paragraph 1 of the complaint, defendant denies the allegations contained therein on the basis that defendant lacks sufficient knowledge and information.

2. Answering Paragraph 2 of the complaint, beginning with the words "United Air Lines" and ending with the words "System, Inc. – Agent," defendant denies the allegations on the basis that defendant lacks sufficient knowledge and information.

3. Answering Paragraph 3 of the complaint, defendant denies it owes plaintiff $4,233, or any amount, or anything at all. This defendant denies the incident alleged in the complaint occurred based on a lack of sufficient knowledge and information. Beginning with the words "Nightmare flight" and ending with the words "It caused one of the worst sicknesses of my life," a denial is made based on lack of sufficient knowledge and information. Beginning with the words

"Monetary damages" and ending with the words "from San Francisco to Beijing," a denial is made based on lack of sufficient knowledge and information.

4. Answering Paragraph 4 of the complaint, defendant denies the allegations contained therein on the basis that defendant lacks sufficient knowledge and information.

5. Answering Paragraph 8 of the complaint, defendant denies the allegations contained therein on the basis that defendant is a public entity as defined in 28 U.S.C. § 1603(a).

6. Answering Paragraph 9 of the complaint, defendant denies the allegations contained therein on the basis that defendant lacks sufficient knowledge and information.

## AFFIRMATIVE DEFENSES

7. As a first affirmative defense, Air China is a foreign state as that term is defined in 28 U.S.C. § 1603(a) and, therefore, Air China is entitled to all the rights, privileges and immunities set forth in the provisions of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1330, 1332, 1391(f), 1441(d) and 1602-1611, including the right to have this case tried non-jury.

8. As a second affirmative defense, the liability of Air China, if any, for the damages alleged in the complaint is limited or excluded in accordance with the provisions of the Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999 ("The Montreal Convention"), reprinted in S. Treaty Doc. No. 106-45, 1999 W.L. 33292734 (2000), Air China's conditions of carriage and Air China's conditions of contract.

9. As a third affirmative defense, the complaint fails to state a claim upon which relief can be granted.

10. As a fourth affirmative defense, Air China performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Air China in accordance with such terms and conditions of contract.

11. As a fifth affirmative defense, all alleged consequential damages claimed by plaintiff, if any, were not within the contemplation of the parties at the time any contract between plaintiff and defendant Air China was entered into, and plaintiff therefore is barred from recovering such damages from Air China.

12. As a sixth affirmative defense, plaintiff's state law claims herein are preempted pursuant to 49 U.S.C. § 41713 of the Airline Deregulation Act of 1978.

13. As a seventh affirmative defense, the injuries and damages allegedly suffered by plaintiff were caused by intervening and superseding causes, and not caused by Air China.

14. As an eighth affirmative defense, the incident and damages alleged in the Complaint, if occasioned by fault, are attributable to the conduct of third persons or entities over whom Air China had no control at any time relevant thereto.

15. As a ninth affirmative defense, the incident alleged in the complaint, and the damage that plaintiff alleges he sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Air China; however, in the event that a finding is made that negligence exists on the part of Air China, which proximately contributed to plaintiff's damages alleged in the complaint, Air China's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative fault or negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which plaintiff seeks recovery.

16. As a tenth affirmative defense, the liability of Air China, if any, is limited or excluded in accordance with the provisions of the Montreal Convention, including but not limited to, Article 19 of the Montreal Convention in that defendant Air China took all measures that could be reasonably required to avoid the damage or that it was impossible for defendant Air China to take such measures.

WHEREFORE, defendant prays for judgment as follows:

1. That the court enter judgment in favor of defendant;

2. That plaintiff takes nothing by reason of the complaint of file herein;

3. That defendant be awarded its costs and expenses incurred in this action;

4. That defendant be awarded its attorneys' fees incurred in this action; and

///

///

3
ANSWER TO COMPLAINT

604001.1

5. That defendant recover such other relief as the Court may deem just and proper.

Dated: November 10, 2010

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
ROBERT C. GEBHARDT
IAN J. DA CUNHA
Attorneys for Defendant
AIR CHINA LIMITED

## CERTIFICATE OF SERVICE

*Robert Rubin v. Air China Limited*
Northern District Court of California
Case No. _____

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

## ANSWER TO COMPLAINT

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

[X] **By United States Mail.** I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

[ ] **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which was printed out, is attached.

[ ] **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

| Mailing Address | Robert Rubin |
|---|---|
| Robert Rubin | Building 245, room 4 |
| NASA Ames MailStop 245-6 | Moffet Field, CA 94035 |
| Moffett Field, CA 94035-0001 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED November 10, 2010 at San Francisco, California.

_____
Liza H. Cachero

5
ANSWER TO COMPLAINT

604001.1