UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT RUBIN,<br><br>                Plaintiff,<br>    v.<br><br>AIR CHINA LIMITED and UNITED<br>AIRLINES, INC.,<br><br>              Defendants. | Case No.: 10-CV-05110-LHK<br><br>ORDER DENYING MOTION TO<br>REMAND |

Plaintiff Robert Rubin moves to remand this action to the Superior Court of Santa Clara County.  Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument and vacates the motion hearing set for March 24, 2011. Having considered the submissions of the parties and the relevant law, the Court finds that removal was proper and denies Plaintiff's motion to remand.  The Court will hold a Case Management Conference, as scheduled, on March 24, 2011 at 1:30 p.m.

**I.  Background**

On September 30, 2010, Plaintiff Robert Rubin filed a claim against Defendants Air China Limited and United Airlines, Inc. in the Small Claims Division of the Santa Clara County Superior Court ("Small Claims Court").  In his state-court complaint, Plaintiff alleges that he experienced pain and suffering and incurred monetary damages due to a 13.5-hour delay on Air China Flight 983 from Beijing, China, to San Francisco, California.  United Airlines was the contracting carrier for

1

Case No.: 10-CV-05110-LHK
ORDER DENYING MOTION TO REMAND

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    the flight.  Plaintiff seeks $4,233 in damages under the "Passenger Compensation Rights for

2    International Flights" provision of the Montreal Convention of 1999.

3         Plaintiff served Air China and United Airlines on October 11, 2010, and the case was set for

4    trial in Small Claims Court on November 18, 2010.  However, on November 10, 2010, Defendant

5    Air China removed the case to federal court under 28 U.S.C. § 1441(d), which permits foreign

6    sovereigns to remove any civil action to federal court, and under 28 U.S.C. § 1441(a)-(b), which

7    permits removal of actions arising under the treaties of the United States.  Air China's notice of

8    removal states that a copy of the notice was served on all parties and will be filed with the Clerk of

9    the Santa Clara County Superior Court.

10        Plaintiff alleges that he received a copy of the notice of removal at his place of employment[1]

11   on the morning of November 18, 2010, the date trial was scheduled to be held in Small Claims

12   Court.  Later that day, Plaintiff and a representative from United Airlines appeared for trial, but Air

13   China did not enter an appearance.  Plaintiff claims that when the case was called, the small claims

14   Commissioner informed the parties that he had just received notice that the case had been removed

15   to federal court.  Plaintiff, proceeding *pro se*, now moves to remand the entire action on grounds

16   that Air China failed to give timely notice of the removal and may never have served United

17   Airlines with the notice of removal.  In the alternative, Plaintiff argues that the Court lacks federal

18   question jurisdiction, and thus even if Air China properly removed under § 1441(d) as a foreign

19   sovereign, the Court should remand the claims against domestic defendant United Airlines.  Air

20   China opposes Plaintiff's motion, and United Airlines joins in Air China's opposition.

21   **II.  Legal Standard**

22        A Plaintiff may bring a motion to remand to challenge removal of an action to federal court,

23   either for lack of subject matter jurisdiction or for a defect in the removal procedure.  28 U.S.C.

24   § 1447(c).  "The removal statute is strictly construed, and any doubt about the right of removal

25   requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241,

26   1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  A party

27

28   ───────────────
     [1] Plaintiff does not appear to have provided any address other than his work address on his state-court complaint or in the federal action.

2

Case No.: 10-CV-05110-LHK
ORDER DENYING MOTION TO REMAND

1    opposing removal on the basis of a procedural defect must make a motion to remand within thirty

2    days of the filing of the notice of removal.  28 U.S.C. § 1447(c).

3        **III. Discussion**

4        In his motion to remand, Plaintiff raises both jurisdictional and procedural objections to

5    removal.  The Court will first determine whether it has subject matter jurisdiction over the removed

6    action and then address the alleged procedural defects.

7            **A.  Subject Matter Jurisdiction**

8        A cause of action may be removed to federal court only if it could have been brought

9    originally in federal court.  28 U.S.C. § 1441(a).  In its notice of removal, Air China identifies two

10   grounds for removal jurisdiction: (1) original jurisdiction under the Foreign Sovereign Immunities

11   Act for civil actions against a foreign state, pursuant to 28 U.S.C. §§ 1330 and 1441(d), and (2)

12   federal question jurisdiction for actions arising under the Constitution, treaties, or laws of the

13   United States, pursuant to 28 U.S.C. §§ 1331 and 1441(a)-(b).

14       Plaintiff does not dispute that this Court has jurisdiction over the claims against Air China

15   pursuant to the Foreign Sovereign Immunities Act (FSIA), and the Court agrees that the FSIA,

16   coupled with § 1441(d), provides a proper jurisdictional basis for removal.  Section 1441(d)

17   provides:

18   
> Any civil action brought in a State court against a foreign state as defined in
> section 1603(a) of this title may be removed by the foreign state to the district
> court of the United States for the district and division embracing the place where

19   
> such action is pending. Upon removal the action shall be tried by the court without
> jury. Where removal is based upon this subsection, the time limitations of section

20   
> 1446(b) of this chapter may be enlarged at any time for cause shown.

21   28 U.S.C. § 1441(d).  Section 1603 defines a foreign state to include any entity which (1) "is a

22   separate legal person, corporate or otherwise"; (2) a majority of whose shares is owned by a foreign

23   state or political subdivision thereof; and (3) is neither a citizen of a State of the United States, nor

24   created under the laws of any third country.  28 U.S.C. § 1603(a)-(b).  Here, Air China alleges that

25   it is a separate legal person, the majority of whose shares are owned by the Government of the

26   People's Republic of China, and that it is a foreign state for purposes of the FSIA.  Plaintiff does not

27   dispute these allegations and appears to concede that the Court has jurisdiction over the claims

28   against Air China under the FSIA.

3

Case No.: 10-CV-05110-LHK
ORDER DENYING MOTION TO REMAND

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1          Plaintiff argues, however, that because United Airlines is not a foreign state, the Court lacks

2     jurisdiction over the claims brought against United Airlines.  The Court disagrees, for two reasons.

3     First, the Ninth Circuit has held that § 1441(d) permits a foreign state to remove an entire action,

4     not simply the claims against the foreign entity, as long as the action falls within the constitutional

5     grant of diversity jurisdiction.[2]  *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407-08 (9th Cir.

6     1989).  An action falls within the constitutional grant of diversity jurisdiction where, as here, "any

7     two adverse parties are not co-citizens."  *Id.* (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386

8     U.S. 523, 531 (1967)).  Thus, under Ninth Circuit law, Air China was entitled to remove the entire

9     action, including the claims against United Airlines, based on the jurisdiction granted by 28 U.S.C.

10    §§ 1441(d) and 1330.

11          Second, the Court finds that federal question jurisdiction provides an independent basis for

12    removal of the claims against both Defendants.  Pursuant to 28 U.S.C. §§ 1331 and 1441(a)-(b), a

13    defendant may remove an action that arises under the treaties of the United States.  Here, Plaintiff's

14    complaint seeks damages under the Montreal Convention and identifies no other state or federal

15    basis for his claim.  The Montreal Convention is a treaty, ratified by the United States and entered

16    into force on November 4, 2003, that covers "all international carriage of persons, baggage or cargo

17    performed by aircraft for reward."  *In re Air Crash Over the Mid-Atlantic on June 1, 2009*, MDL

18    Dkt. No. 10-2144-CRB, 2010 WL 3910354, at *1 (N.D. Cal. Oct. 4, 2010) (quoting Montreal

19    Convention, Art. 1(1)).  The Montreal Convention was negotiated in 1999 to modernize and reform

20    the Warsaw Convention of 1929, which provided limitations on liability and uniform liability rules

21    applicable to international air transport of passengers, cargo, and mail.  *See* Convention for

22    Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, S.

23    Treaty Doc. No. 106-45 ("Montreal Convention"), 1999 WL 33292734, at *3, 6.  The Montreal

24    Convention supersedes the Warsaw Convention, *id.* at 6, and imposes certain new legal standards.

25    *Smith v. American Airlines, Inc.*, No. C 09-02903 WHA, 2009 WL 3072449, at *2 (N.D. Cal. Sept.

26    22, 2009).  Like the Warsaw Convention, the Montreal Convention is a treaty ratified by the United

27

28    _____

[2] Indeed, a foreign sovereign may remove an entire action without obtaining the consent of the non-sovereign co-parties.  *Teledyne*, 892 F.2d at 1409.

4

1    States, and claims arising under its provisions fall within the grant of federal question jurisdiction

2    pursuant to 28 U.S.C. § 1331.  *See Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294 (3d

3    Cir. 2010) ("The District Court had jurisdiction over this action arising under the Montreal

4    Convention pursuant to 28 U.S.C. § 1331").  Because Plaintiff's claims against both Air China and

5    United Airlines arise under the Montreal Treaty, federal question jurisdiction provides a second

6    basis for removal of the entire action to federal court.  Accordingly, remand is not warranted on

7    jurisdictional grounds.

8                              **B.  Procedural Defects**

9          Plaintiff also identifies two procedural defects that he claims warrant remand of the action to

10   state court.  First, Plaintiff appears to argue that Air China failed to comply with 28 U.S.C.

11   § 1446(d), which requires a removing defendant to "promptly" give written notice of the removal to

12   all adverse parties and to file a copy of the notice with the clerk of the state court.  Plaintiff notes

13   that neither he nor the state court received notice of the removal until November 18, 2010,

14   approximately 8 days after the notice of removal was filed in federal court.  Plaintiff claims that this

15   delay caused inconvenience to the parties who appeared for trial in the state court and raises doubts

16   as to whether Air China mailed copies of the notice on November 10, 2010, as the notice of removal

17   alleges.

18         While the 8-day delay in notifying the parties and the state court may have caused some

19   inconvenience, the Court cannot find that this constitutes a procedural defect warranting remand.

20   As other courts have observed, Section 1446(d) does not define "promptly."  *See, e.g.*, *Ligutom v.*

21   *SunTrust Mortg.*, No. C10-05431 HRL, 2011 WL 445655, at *2 (N.D. Cal. Feb. 4, 2011); *Delgado*

22   *v. Bank of America Corp.*, No. 1:09cv01638 AWI DLB, 2009 WL 4163525, at *8 (E.D. Cal. Nov.

23   23, 2009).  However, courts have determined that "promptly" does not mean "simultaneously" with

24   the filing of the notice of removal in federal court.  *Delgado*, 2009 WL 4163525, at *8.  Thus,

25   California district courts have found that even delays of a month or more in serving the notice of

26   removal on adverse parties or filing the notice of removal in state court do not necessarily warrant

27   remand.  *See Ligutom*, 2011 WL 445655, at *2 (collecting cases and concluding that one-month

28   delay did not warrant remand); *Delgado*, 2009 WL 4163525, at *8-9 (56-day delay did not warrant

Case No.: 10-CV-05110-LHK
ORDER DENYING MOTION TO REMAND

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    remand); *Shanks v. Northern California Cement Masons Joint Apprenticeship Training*, No. C-93-

2    0609 MHP, 1993 WL 150273, at \*3 (N.D. Cal. Apr. 29, 1993) (nearly two-month delay did not

3    warrant remand).  In this instance, both Plaintiff and the state court received notice of the removal

4    within 8 days after Air China filed the notice of removal in federal court, and before the state court

5    took action on the case.  A short delay of this nature does not warrant remand.

6          Second, Plaintiff notes that there is no indication that United Airlines was ever served with a

7    copy of the notice of removal.  Perhaps because Plaintiff raised this issue only in passing in his

8    opening brief, Air China did not address this issue in its opposition, and the Court cannot ascertain

9    whether or when United Airlines was served with the notice of removal.  As Air China points out,

10   however, it was not required to obtain United Airlines' consent to removal.  *See Teledyne*, 892 F.2d

11   at 1409 (noting that § 1441(d) permits removal of an action by a foreign sovereign even if other

12   defendants desire not to remove the action).  Moreover, as United Airlines has appeared in the

13   federal action and joined in Air China's opposition brief, it is clear that United Airlines eventually

14   received notice of the removal and has no objections to either the removal itself or the procedures

15   followed by Air China.  Congress has specifically indicated that "[i]n view of the potential

16   sensitivity of actions against foreign states . . . it is important to give foreign states clear authority to

17   remove to a Federal forum actions brought against them in the State courts." *Teledyne*, 892 F.2d at

18   1409 (quoting H.R. No. 94-1487, 94th Cong., 2d Sess. 32, *reprinted* in 1976 U.S. Code Cong. &

19   Admin. News 6604, 6631).  In light of the "absolute right to a federal forum" granted to foreign

20   sovereigns, *Teledyne*, 892 F.2d at 1409, and United Airlines' consent to removal, the Court finds

21   that any delay in service of the notice of removal upon United Airlines is not sufficient to warrant

22   remand.

23   **IV. Conclusion**

24         The Court understands Plaintiff's frustration with the removal of this case to federal court.

25   It does appear that litigation of Plaintiff's modest request for damages in Small Claims Court would

26   have spared all parties substantial time and expense.  However, the removal statute plainly grants

27   Defendants a right to have a federal forum to hear Plaintiff's claims, and the Court has found no

28   procedural or jurisdictional defects that warrant remand.  Particularly given the "congressional

6

Case No.: 10-CV-05110-LHK
ORDER DENYING MOTION TO REMAND

**United States District Court**
For the Northern District of California

1    intent . . . to create a uniform body of law (and minimize potential international friction) by

2    establishing federal courts as the preferred forum for cases involving foreign states," the Court must

3    find removal proper in this instance.  *In re Air Crash Disaster Near Roselawn, Ind. on Oct. 31,*

4    *1994*, 96 F.3d 932, 942 (7th Cir. 1996).  Accordingly, Plaintiff's motion to remand is DENIED.

5    The hearing on Plaintiff's motion is hereby VACATED.  However, the Court will hold a Case

6    Management Conference, as scheduled, on March 24, 2011 at 1:30 p.m.

7    **IT IS SO ORDERED.**

8

9    Dated: March 21, 2011                                    _Lucy H. Koh_____

10                                                             LUCY H. KOH
                                                             United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No.: 10-CV-05110-LHK
ORDER DENYING MOTION TO REMAND