UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT RUBIN,<br><br>Plaintiff,<br><br>v.<br><br>AIR CHINA LIMITED and UNITED AIRLINES INCORPORATED,<br><br>Defendants. | Case No.: 5:10-CV-05110-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendants Air China Limited (Air China) and United Airlines, Incorporated (United) (together, Defendants) have moved for judgment on the pleadings against Plaintiff Robert Rubin (Plaintiff). After considering Defendants' motion, the Court finds this matter suitable for decision without oral argument. *See* Civil Local Rule 7-1(b). Accordingly, the hearing on this motion, set for June 23, 2011, is hereby VACATED. For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motion for judgment on the pleadings.

**I.    BACKGROUND**

On September 30, 2010, Plaintiff Robert Rubin filed a claim against Defendants Air China Limited and United Airlines, Inc. in the Small Claims Division of the Santa Clara County Superior Court ("Small Claims Court"). In his state-court complaint, Plaintiff alleges that he experienced pain and suffering and incurred monetary damages due to a thirteen and one-half hour delay on Air

1

China Flight 985 from Beijing, China, to San Francisco, California.[1]  United Airlines was the contracting carrier for the flight.  Plaintiff seeks $4,233 in damages under the "Passenger Compensation Rights for International Flights" provision of the Montreal Convention of 1999.

Plaintiff served Air China and United Airlines on October 11, 2010, and the case was set for trial in Small Claims Court on November 18, 2010.  However, on November 10, 2010, Defendant Air China removed the case to federal court under 28 U.S.C. § 1441(d), which permits foreign sovereigns to remove any civil action to federal court, and under 28 U.S.C. § 1441(a)-(b), which permits removal of actions arising under the treaties of the United States.  *See* Dkt. No. 1.  Plaintiff moved to remand the action to state court; as the removal statute granted Defendants the right to have a federal forum hear Plaintiff's claims, this motion was denied.  *See* Dkt. Nos. 4, 30.

Defendants Air China and United Airlines now move for judgment on the pleadings.  Specifically, Defendants seek a judgment limiting Plaintiff's claim to the out-of-pocket expenses incurred or paid by Plaintiff as a result of the delay in the departure of Air China Flight 985 on November 1, 2009.  Plaintiff opposes the motion.

## II.     LEGAL STANDARD

This Court may grant judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which allows Defendants to challenge the sufficiency of Plaintiff's complaint.  *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004).  A 12(c) motion "is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss." *Id.*  Accordingly, a 12(c) motion may only be granted "when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).  In evaluating Defendants' motion, the Court must "construe the complaint, and resolve all doubts, in the light most favorable to the plaintiff," and may grant the motion only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief."  *New.Net*, 356 F. Supp. 2d at 1115; *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550

---

[1] Plaintiff's Complaint identifies the flight as Air China flight 983.  *See* Notice of Removal, Ex. A, Dkt. No. 1.  However, Plaintiff represents that this was a typographical error and states that the correct flight number is Air China flight 985.  *See* Pl.'s Opp'n at 1, Dkt. No. 40.

1  (9th Cir. 1989). "Courts have discretion to grant leave to amend in conjunction with 12(c)

2  motions, and may dismiss causes of action rather than grant judgment." *Moran v. Peralta*

3  *Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993). As with a 12(b)(6) motion to

4  dismiss, the Court should grant leave to amend unless it is clear that amendment would be futile.

5  *Pacific West Group, Inc. v. Real Time Solutions, Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008)

6  (mem.).

### III. ANALYSIS

In this case, Plaintiff alleges that the delay of his flight resulted in the following damages: (1) pain and suffering; (2) lost work;[2] (3) physical illness with attendant medical treatment costs; (4) "being trapped in a freezing Beijing airport that was worse than a prisoner would be treated"; (5) the cost of Plaintiff's round-trip ticket from San Francisco to Beijing; and (6) the cost of a late-night taxi from the San Francisco airport. Compl. The parties agree that Plaintiff's damages claims are governed by Article 19 of the Montreal Convention,[3] which reads,

> The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures.

Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003) (Montreal Convention), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000), Sept. 23, 1971, 24 U.S.T. 565, T.I.A.S. No. 7570. On this motion, Defendants do not attempt to assert the defense that they took all measures that could reasonably be

---

[2] Plaintiff's brief state court complaint states that he incurred "[m]onetary damages for lost work because this flight resulted in one of the worst sicknesses of my life." Compl. In his opposition brief, Plaintiff clarifies that he missed the day of work immediately following his flight because he had to sleep during that day due to the delayed flight. Pl.'s Opp'n at 2. Plaintiff also claims that he lost an additional four days of work due to the illness that resulted from the flight delay. *Id.*

[3] As the Court explained in its prior order, the Montreal Convention supersedes the Warsaw Convention of 1929, which previously governed liability in international air transport. *See* Order Denying Mot. to Remand at 4-5. Although there are some differences between the two conventions, "most provisions of Montreal and Warsaw Conventions are substantially the same, and, as a result, the legal precedents developed under the Warsaw Convention still apply to the Montreal Convention." *Smith v. American Airlines, Inc.*, No. C 09-02903 WHA, 2009 WL 3072449, at *2 (N.D. Cal. Sept. 22, 2009). Accordingly, the Court relies on cases interpreting the scope of damages available under Article 19 of both conventions in ruling on Defendants' motion.

3
Case No.: 10-CV-05110-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FOR JUDGMENT ON THE PLEADINGS

required to avoid the damages claimed by Plaintiff.  Rather, Defendants seek a judgment limiting Plaintiff's recoverable damages to his proven economic damages.  More specifically, Defendants contend that the only recoverable economic damage claimed by Plaintiff is the cost of the taxi Plaintiff took from the San Francisco International Airport to his home on November 2, 2009.  Defendants claim that all other damages asserted by Plaintiff are not recoverable under the Montreal Convention.

While Defendants are correct that "purely emotional damages" may not be recovered under the Montreal Convention, courts have allowed recovery for physical and financial injuries, and even inconvenience.  *Daniel v. Virgin Atl. Airways Ltd.*, 59 F. Supp. 2d 986, 992 (N.D. Cal. 1998) (denying recovery for emotional injuries, but permitting claims for physical injuries and economic damages, including inconvenience); *Ikekpeazu v. Air France*, No. 3:04cv00711 (RNC), 2004 U.S. Dist. LEXIS 24580 at *4 (D. Conn. Dec. 6, 2004) (recognizing financial injury as a cognizable claim, but not emotional injury).  The Court will evaluate each of Plaintiff's claimed damages in turn.

**A.  Pain and Suffering**

In his Complaint, Plaintiff asserts that the flight delay "resulted in pain and suffering." Compl.  Defendants assert that Article 19 excludes damages for frustration, anguish, physical or mental upset, and pain and suffering.  Mot. at 5. Defendants are correct that damages for "purely emotional injuries" caused by delay are not available under the Convention.  *Daniel*, 59 F. Supp. 2d at 992; *see also, e.g.*, *Elnajjar v. Northwest Airlines, Inc*., Nos. H-04-680, H-04-681, 2005 U.S. Dist. LEXIS 36792, at *15 n.5 (S.D. Tex. Aug. 15, 2005) ("Because Plaintiffs do not allege that they suffered any economic loss or physical injury . . . they cannot meet the conditions for recovery under Article 19"); *Ikekpeazu*, 2004 U.S. Dist. LEXIS 24580 at *4-5 (dismissing plaintiff's claims for emotional injury under Article 19); *Fields v. BWIA Int'l Airways Ltd.*, No. 99-CV-2493(JG), 2000 U.S. Dist. LEXIS 9397 at *19 (E.D.N.Y. July 7, 2000).  Accordingly, to the extent that Plaintiff seeks to recover for "pain and suffering" independent of any physical injuries or illness,

such damages are not recoverable.[4]  For this reason, Defendants' motion for judgment on the pleadings is GRANTED as to this claim.

### B. Lost Work

While purely emotional damages are not recoverable, a plaintiff may recover damages for economic loss under the Montreal Convention.  *See, e.g.*, *Ikekpeazu*, 2004 U.S. Dist. LEXIS 24580 at *4; *Lee v. Am. Airlines, Inc.*, No. 3:01-CV-1179-P, 2002 U.S. Dist. LEXIS 12029 at *13 (N.D. Tex. July 2, 2002), *aff'd*, 355 F.3d 386, 387 (5th Cir. Tex. 2004).  Defendants argue that economic damages are only recoverable for out-of-pocket expenses, such as Plaintiff's late-night taxi fare, and contend that Plaintiff cannot recover for his lost days of work.  The case law suggests, however, that if Plaintiff can prove that his lost days of work were occasioned by the delay and resulted in financial injury, Plaintiff can recover for this economic loss under the Montreal Convention.

In *Ikekpeazu v. Air France*, for instance, the plaintiff alleged financial injury resulting from the delay in his flight.  *Ikekpeazu*, 2004 U.S. Dist. LEXIS 24580 at *4.  This financial injury did not consist of out-of-pocket costs.  Rather, Ikekpeazu, a surgeon, alleged financial injury from having to cancel the various surgeries and procedures he had been scheduled to perform during the week-long delay.  *Id*. at 2.  The court held that while Ikekpeazu could not recover for his alleged emotional injuries, his "allegations of financial injury resulting from the delay in his return to practice provide[d] a basis for a claim" under Article 19.  *Id.*  Similarly, *Daniel* suggests that the economic damages recoverable under Article 19 include foreseeable, consequential damages, such as lost wages or profits, that are occasioned by the delay.  *See Daniel*, 59 F. Supp. 2d at 993 (collecting cases and summarizing case law on damages available under Article 19).

Here, Plaintiff has asserted that he missed work as a result of the flight delay.  Compl.  As Plaintiff is presumably paid for his employment, he may be able to prove that he sustained

---

[4] The Court assumes that Plaintiff alleges "pain and suffering" independent of his physical illness. If Plaintiff is able to prove a physical injury or illness occasioned by the flight delay, he may be able to recover for the pain and suffering flowing from that physical harm.  *See Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 668 (N.D. Cal. 1994) (holding that Article 17 of the Warsaw Convention permits recovery for emotional distress flowing from a physical injury).

pecuniary injuries from lost work as a result of the flight delay. For this reason, Defendants' motion for judgment on the pleadings is DENIED as to this claim.

### C. Physical Illness and Medical Expenses

In addition to lost work, Plaintiff alleges that he became ill as a result of the flight, and incurred medical expenses from that illness. Taking Plaintiff's allegations as true, the Court assumes for purposes of this motion that the sickness and attendant medical expenses were caused by the thirteen and one-half hours Plaintiff sat in Beijing Airport, waiting for his flight.

Defendants cite a number of cases supporting their assertion that Plaintiff could not recover for emotional damages. Mot. at 5-6. Many of these cases also suggest that plaintiffs may recover for physical injuries. *See, e.g.*, *Daniel*, 59 F. Supp. at 992 (indicating that plaintiff would have standing to bring claims under Article 19 if they alleged economic or physical injuries); *Elnajjar v. Northwest Airlines, Inc.*, 2005 U.S. Dist. LEXIS 36792 at *15 n.5 ("Because Plaintiffs do not allege that they suffered any economic loss or physical injury . . . they cannot meet the conditions for recovery under Article 19"); *Fields v. BWIA Int'l Airways Ltd.*, 2000 U.S. Dist. LEXIS 9397 at *19 (finding no entitlement to recovery because plaintiff did "not allege that she suffered any physical injury or any pecuniary loss").

Plaintiff claims that the flight delay caused "one of the worst sicknesses of [his] life," which in turn resulted in lost work and medical expenses. Compl. In alleging that the delay caused him to become sick, Plaintiff claims physical harm caused by the delay. The case law suggests that this type of harm, if occasioned by the flight delay, is compensable under Article 19. Moreover, any medical expenses occasioned by the flight delay and Plaintiff's resulting illness are clearly economic damages, which are recoverable under Article 19, provided that causation can be established. Defendants cite no authority suggesting that damages for physical illness and medical expenses occasioned by a flight delay are excluded under Article 19. Accordingly, the Court DENIES Defendants' motion for judgment on the pleadings as to this claim.

### D. Time Spent "Trapped" in the Beijing Airport

Plaintiff's complaint also claims "[d]amages for being trapped in a freezing Beijing airport that was worse than a prisoner would be treated." Compl. The nature of this claim is not entirely

clear. Based on Plaintiff's very brief state court complaint, Plaintiff appears to seek emotional damages for the pain and suffering associated with the experience of being "trapped" in a freezing airport in less-than-optimal conditions. If this is correct, Plaintiff cannot recover for being "trapped" in the Beijing airport, as damages for pain and suffering or other purely emotional injuries are not cognizable under Article 19, as discussed above.

The Court notes, however, that to the extent Plaintiff intends to allege damages due to the inconvenience of being trapped in the Beijing airport for 13.5 hours, he may be able to recover damages if he can show that the inconvenience he suffered has an economic component that is independent of his other economic damages claims. *See Daniel*, 59 F. Supp. at 993 (permitting a claim for inconvenience that "encompass[ed] economic damages"); *see also Lee v. Am. Airlines, Inc.*, 2002 U.S. Dist. LEXIS 12029 at *14-15. While Defendants cited *Daniel* for the proposition that damages for inconvenience, pain and suffering, and emotional harm are not recoverable, the court actually held that "damages for inconvenience do not fall within the rubric of 'emotional distress.' Time is money, after all, and the Court finds that the inconvenience of being trapped for hours in an unfamiliar airport is a compensable element of damages for delay in air travel." *Daniel*, 59 F. Supp. at 994. The *Daniel* court noted that the amount of compensation for inconvenience would "vary dramatically depending on what the passenger was prevented from doing as a result of the flight delay." *Id*. In addition, in order to be recoverable, such "inconvenience" damages must truly encompass economic damages, and cannot simply be based upon the "discomfort, annoyance, and irritation" Plaintiff experienced during the delay. *Lee*, 2002 U.S. Dist. LEXIS 12029 at *14-15

Because Plaintiff has not identified any damages arising from the inconvenience of being "trapped" in the Beijing airport that have an economic component separate from and not redundant to Plaintiff's other claimed economic injuries, the Court GRANTS Defendants' motion for judgment on the pleadings as to this claim. However, Plaintiff is granted leave to amend to further develop and clarify the basis for this claim, should he choose to do so.

**E.  Cost of Flight**

Although Defendants actually transported Plaintiff to Beijing and back to San Francisco, Plaintiff also seeks reimbursement of the cost of his round-trip ticket. The Court agrees with

1    Defendants that Plaintiff is not entitled to reimbursement of the cost of his ticket, as Plaintiff

2    actually used the ticket to complete his round-trip travels.  *See Fields v. BWIA Int'l Airways Ltd.*,

3    2000 U.S. Dist. LEXIS 9397 at *15 ("Fields actually flew to Barbados the following day. BWIA,

4    therefore, performed its obligations under the contract (albeit one day late) and Fields cannot claim

5    total non-performance.").  As discussed above, carriers are liable under the Montreal Convention

6    only for damages occasioned by a flight delay.  Because Plaintiff received the benefits of his

7    round-trip ticket, Plaintiff cannot claim the cost of his ticket as an economic loss occasioned by the

8    delay.  Accordingly, the Court GRANTS Defendants' motion for judgment on the pleadings as to

9    this claim.

### F. Taxi Fare

Finally, both parties agree that the cost of Plaintiff's transportation from the San Francisco International Airport to his home is an out-of-pocket expense that may be recoverable under the Montreal Convention.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED in part and DENIED in part.  Specifically, the Court limits Plaintiff's damages claims under Article 19 of the Montreal Convention as follows:

(1) Plaintiff cannot recover damages for pain and suffering independent of physical injury;

(2) Plaintiff cannot recover the cost of his plane ticket;

(3) Plaintiff cannot recover damages for pain and suffering, discomfort, annoyance, irritation, or other emotional injuries associated with "being trapped in a freezing Beijing airport."  However, if the inconvenience of being trapped in the airport had an economic component independent of Plaintiff's other claimed economic injuries, Plaintiff may amend his Complaint to allege such damages.

(4) Plaintiff's claims of lost work, physical illness and medical expenses, and the cost of his taxi fare may form the basis for a claim under the Montreal Convention.  Judgment on the pleadings is therefore denied as to these three damages claims.

1   The June 23, 2011 hearing on Defendants' motion is hereby VACATED.  **If Plaintiff
2   wishes to amend his Complaint, he must file a First Amended Complaint within 21 days of
3   this Order, no later than July 12, 2011.**  If Plaintiff needs assistance in filing an amended
4   complaint, he is encouraged to contact the Federal Legal Assistance Self-Help Center.  To make an
5   appointment, either sign up at the Center, located on the 4th Floor of the Federal Courthouse in San
6   Jose, Room 4093, or call (408) 297-1480.  Plaintiff may find other resources for self-represented
7   parties at http://www.cand.uscourts.gov/proselitigants.
8   **IT IS SO ORDERED.**

10  Dated: June 21, 2011                                     _____
                                                              LUCY H. KOH
                                                              United States District Judge